124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco J. GIRON-ROSILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70996.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Filed Sept. 15, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aod-gpt-hwa.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco J. Giron-Rosillo, a native and citizen of Peru, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying his application for asylum under section 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a). We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We review the BIA's finding that Giron-Rosillo failed to show statutory eligibility for asylum for substantial evidence, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and we deny the petition.
 
 
 3
 Here, Giron-Rosillo is unable to show that he was harassed on account of his actual or imputed political opinion. See Sangha v. INS, 103 F.3d 1482, 1490 (9th Cir.1997). The record does not reveal that the Shining Path had any reason to threaten him other than to extort funds or liquor, a species of harassment not cognizable under any of the statutory categories eligible for asylum. See id. Accordingly, substantial evidence supports the BIA's connclusion that Giron-Rosillo failed to show statutory eligibility for asylum. See id. at 481.
 
 
 4
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3